NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VICTOR WALKINGEAGLE; NATHAN
BRIGGS; and DONALD MOLINA, on
behalf of themselves and all others
similarly situated,

         Plaintiffs-Appellants,

  v.

GOOGLE, LLC, a Delaware limited
liability company DBA Youtube; and
YOUTUBE, LLC, a Delaware limited
liability company,

         Defendants-Appellees.

No. 23-35465

D.C. No. 3:22-cv-00763-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted September 13, 2024
San Francisco, California

Before: GOULD and BUMATAY, Circuit Judges, and COLLINS,[**] District
Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable Raner Collins, United States District Judge for the
District of Arizona, sitting by designation.

Victor Walkingeagle, Nathan Briggs, and Donald Molina (collectively, "Appellants") appeal the grant of Google, LLC, and YouTube, LLC's (collectively, YouTube) motion to dismiss. Appellants contend that the second amended complaint makes a sufficient request for relief under Oregon's Automatic Renewal Law ("ARL") and Free Offer Law ("FOL"). We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court. We conclude that, as a matter of law, Appellants failed to state a claim for which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

We review *de novo* a district court's order dismissing a complaint for failure to state a claim. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

1.      YouTube did not violate the ARL or FOL by failing to disclose the 7-day cancellation policy because the policy did not apply to the subscriptions at issue in this case. The ARL requires merchants to "present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner" at checkout. ORS § 646A.295(1)(a). Similarly, the FOL requires that a free-trial offer disclose certain terms of service. ORS § 646.644(d), (f). Appellants argue that YouTube failed to comply with the ARL and FOL requirements because YouTube did not disclose a "7-day cancellation policy" on its checkout page. But the terms of service make clear that the 7-day cancellation policy does not apply to

2

free trials for subscriptions; rather, it applies to rentals.  Appellants do not contend that they rented any products from YouTube, and the ARL and FOL do not require the disclosure of irrelevant terms.  Thus, we affirm the district court.

2.	The automatic renewal offer terms were clear and conspicuous at checkout.  According to the ARL, a "clear and conspicuous" disclosure is one that is "in larger type than the surrounding text, or in contrasting type, font or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language."  ORS § 646A.293(2).  The FOL largely overlaps with the ARL, although the FOL additionally requires that a merchant disclose a cancellation method at checkout.  ORS § 646.644(2)(e).  Appellants contend that whether a term is clear and conspicuous is a matter of fact that should proceed to summary judgment.  But, in an appropriate case, a question of fact can be resolved on a motion to dismiss when clear and conspicuous disclosures are evident in the pleadings, such that no reasonable jury could find otherwise.  *See Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 778 (9th Cir. 2024).  For YouTube Music, YouTube Premium, and YouTube TV, all three checkout pages display the necessary terms off-set from any other text.  These terms are the only text on the page, and by reading anything at all the consumer necessarily reads the key terms.  Further, on the YouTube Music and YouTube Premium pages, the most important

information is bolded or in another color than the surrounding text. Because no reasonable jury could conclude that these terms are not clear and conspicuous, we affirm the district court.

3. The acknowledgement emails disclosed the offer terms. The ARL requires that automatic renewal offer terms be disclosed in an acknowledgment. ORS § 646A.295.(2). Appellants contend that YouTube's acknowledgement emails were insufficient because they do not disclose the payment amount, a cancellation method, or that the subscription will continue until the consumer cancels. But a review of the acknowledgment email text demonstrates that all terms are present. We affirm the district court.

4. YouTube properly obtained Appellants' affirmative consent to the automatic renewal subscriptions. Under the ARL, a merchant must gain the consumer's "affirmative consent" to automatic renewal. ORS § 646.295(1)(b). Although appellants contend that customers must select a "checkbox" or take some other "additional act" to demonstrate affirmative consent, this requirement is found nowhere in the ARL. *See* ORS §§ 646.295(1)(b), 646.644(1)(a). Nor is it anywhere in our caselaw. Instead, the text of the statute requires only "affirmative consent to the *agreement containing the automatic renewal offer terms*." *Id.* at § 646.295(1)(b) (emphasis added). The district court did not err in holding that

4

affirmative consent was provided by clicking the "subscribe button" after being presented with the terms of the service. We affirm.

5.  Appellants did not allege sufficient facts to demonstrate that YouTube's cancellation policy violated the ARL or FOL. Under the ARL, a subscriber must be able to cancel a subscription via phone, email, a post-office address, or "another cost-effective, timely, and easy-to-use mechanism[.]" ORS § 646A.295(2). Similarly, the FOL requires that a cancellation mechanism be a toll-free telephone number or a "manner substantially similar to that by which the consumer accepted the free offer." ORS § 646.644(2)(e). Appellants contend that Google's online cancellation mechanism was "obscure, confusing, and time-consuming," and that they struggled to cancel their subscriptions. Appellants, however, do not contend that they complied with the cancellation method provided by Google in the acknowledgement email. Although appellants contend that they searched through the YouTube website and could not find a cancellation method, they do not allege that they followed the cancellation link provided by Google in the acknowledgement email. Nor do the appellants describe or provide screen captures of the YouTube profile settings page alleged to contain the cancellation mechanism. Without these facts and in the circumstances of this case, we cannot hold that the cancellation method was insufficient.

**AFFIRMED.**

5